**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

UNITED STATES OF AMERICA,

                Plaintiff,

      v.

KEITH DAVIS,

                Defendant.

**Case No. 16 CR 570**

**Judge Harry D. Leinenweber**

## MEMORANDUM OPINION AND ORDER

Defendant Keith DeWitt Davis ("Davis") moves to dismiss the indictment brought against him. For the reasons stated herein, Davis's Motion (Dkt. No. 62) is denied.

### I.  BACKGROUND

On September 9, 2016, Defendant Keith DeWitt Davis was charged with one count of kidnapping, in violation of the Federal Kidnapping Act, 18 U.S.C. § 1201(a)(1). On October 4, 2016, a federal grand jury returned an indictment charging Davis with three counts of kidnapping in violation of 18 U.S.C. § 1201(a)(1). (Indictment, Dkt. No. 15.) The affidavit accompanying the criminal complaint lays out many of the specific facts underlying the three alleged offenses, which the Court need not reiterate. (*See generally* Crim. Compl., Dkt. No. 1.) But to provide a succinct summary, on at least three separate occasions, Davis used the

internet and telephone to meet with separate women for some sort of sexual arrangement in Illinois. (*Id.*) Davis used internet services such as backpage.com and craigslist.com to find and respond to ads for those arrangements. (*Id.*) He then relied on a telephone to communicate with the women about the details of when and where they were to meet. (*Id.*) When that time finally had come, each of these women experienced a horrific encounter, far worse than what they could have possibly imagined.

Davis led each woman to a vacant house. The first woman, K.B., requested payment up front for her services. (Crim. Compl. ¶ 9.) Davis refused, and when K.B. attempted to leave, Davis punched her and took away her keys and telephone. (*Id.*) Davis threatened K.B. with a gun and then sexually assaulted her. (*Id.*) K.B. later ran into a bathroom. (*Id.*) Davis ordered that she stay there for about five minutes or he would shoot. (*Id.*) Davis then left the property. (*Id.*)

The second woman, N.A., drove up to the vacant house where Davis met her. (Crim. Compl. ¶ 19.) Davis approached the car, punched N.A. and then dragged her into a vacant house by gunpoint. (*Id.*) Davis took her into the basement and demanded that she perform oral sex on him. (Crim. Compl. ¶ 20.) N.A. did so, but repeatedly stated she did not want to and attempted to escape.

(*Id.*) In response, Davis threatened to kill her, punched her in the face, and sexually assaulted her again. (*Id.*) He then took her clothes and purse and ran from the residence. (*Id.*)

The third woman, J.C., met with Davis in the garage of a vacant house. (Crim. Compl. ¶ 27.) In the garage, Davis proceeded to grab J.C., remove her clothing, turn her around, and place a metal object to her head, which J.C. initially believed to be a gun. (*Id.*) He then hit J.C. multiple times in the head and chest area. (*Id.*) J.C. fought back. (*Id.*) As they struggled over the metal object, Davis proceeded to punch, kick, bite, and scratch J.C. (*Id.*) She eventually gained hold of the metal object and escaped. (*Id.*)

These three encounters led to the current criminal charge and indictment against Davis for kidnapping. The Federal Kidnapping Act provides that a person is guilty when he "unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person . . . when . . . the offender . . . uses the mail or any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense." 18 U.S.C. § 1201(a)(1). Davis now brings a motion to dismiss the indictment, arguing that: (1) the 2006 amendment to 18 U.S.C. § 1201(a)(1),

which allows federal jurisdiction based on the use of a telephone or internet is a violation of the U.S. Constitution's Commerce Clause; (2) that same amendment is a violation of the Commerce Clause as applied to the facts of this case; and (3) the 18 U.S.C. § 1201(a)(1) is inapplicable because the crimes alleged are completely distinct from the legal meaning of kidnapping. Each argument will be discussed in turn.

## II.  <u>ANALYSIS</u>

To survive a motion to dismiss, "an indictment must state each element of the crimes charged, provide the defendant with adequate notice of the nature of the charges so that the accused may prepare a defense, and allow the defendant to raise the judgment as a bar to future prosecutions for the same offense." *United States v. Nayak*, 769 F.3d 978, 979-80 (7th Cir. 2014); *see also United States v. Fassnacht*, 332 F.3d 440, 446 (7th Cir. 2003) ("The defendant's constitutional right is to know the offense with which he is charged, not to know the details of how it will be proved." (citation omitted)).

### A.  Facial Challenge

The Court turns first to Davis's facial challenge. Davis argues that Congress overstepped its powers under the Commerce Clause when it amended § 1201 to reach intrastate kidnapping using

the "mails or any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense." 18 U.S.C. § 1201(a)(1). Facial challenges to legislative enactments are "the most difficult . . . to mount successfully" because the challenger "must establish that no set of circumstances exists under which the Act would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987). That is not this case.

Under the Commerce Clause of the U.S. Constitution, Congress may regulate three broad categories of activity: (1) the use of the channels of interstate commerce; (2) the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities; and (3) those activities which substantially affect interstate commerce. *United States v. Lopez*, 514 U.S. 549, 558–59 (1995). Congress's authority is plenary to regulate the channels of instrumentalities of interstate commerce under the first two categories. *See United States v. Al-Zubaidy*, 283 F.3d 804, 811 (6th Cir. 2002).

The Seventh Circuit has not yet addressed the constitutionality of the Federal Kidnapping Act. The Second and Tenth Circuit, however, have. *See United States v. Chambers*, 681

F. App'x 72, 80 (2d. Cir. 2017) (rejecting facial challenge and finding "Congress's enactment of the statute did not exceed its Commerce Clause authority"), *cert. granted, judgment vacated and remanded on other grounds*, 138 S. Ct. 2705 (2018); *United States v. Morgan*, 748 F.3d 1024, 1031-32 (10th Cir. 2014) (rejecting as applied challenge and declining to reach facial challenge). Both courts conducted their analysis pursuant to the second *Lopez* category, which the parties do not dispute is the appropriate category for analysis in this case. In addition, every district court that has addressed a facial challenge to the Federal Kidnapping Act has found that it is a valid exercise of the Congress's power pursuant to the second *Lopez* category. *See*, *e.g.*, *United States v. Brown*, No. 13 CR 345, 2014 WL 4473372, at *3 (S.D.N.Y. Sept. 10, 2014) (collecting cases); *United States v. Graves*, No. 1:13-cr-417, 2014 WL 2589428, at *4 (N.D. Ga. June 9, 2014); *United States v. Taylor*, No. 12-0056, 2012 WL 3522528, at *3 (S.D. Ala. Aug. 14, 2012); *United States v. Jacques*, No. 2:08-cr-117, 2011 WL 1706765, at *11 (D. Vt. May 4, 2011).

While the Seventh Circuit has yet to weigh in on the issue, it has addressed similar statutory language in another federal criminal statute and found that it passed constitutional muster. *See United States v. Richeson*, 338 F.3d 653, 660 (7th Cir. 2003)

(finding that intrastate use of a telephone qualifies as a "facility of interstate or foreign commerce" under the murder-for-hire statute, 18 U.S.C. § 1958(a)). In that case, the Seventh Circuit explicitly stated that "when Congress elects to regulate under the second prong of *Lopez,* federal jurisdiction is supplied by the nature of the instrumentality or facility used, not by separate proof of interstate movement." *Id.* at 660-61.

The approach taken in the above-cited cases is persuasive. The Federal Kidnapping Act is a valid exercise of Congress's authority, since, as already mentioned, "[t]he power of Congress over the instrumentalities of interstate commerce is plenary." *Cleveland v. United States*, 329 U.S. 14, 19 (1946). This plenary power extends to regulation of the channels and instrumentalities of commerce — including the internet and telephones — "to prohibit their use for harmful purposes, even if the targeted harm itself occurs outside the flow of commerce and is purely local in nature." *Morgan*, 748 F.3d at 1032 n.7 (quoting *United States v. Ballinger*, 395 F.3d 1218, 1226 (11th Cir. 2005)). Moreover, "[n]owhere in *Lopez* or any other case has the Supreme Court limited Congress's regulatory authority to prevent the harmful use of an instrumentality of interstate commerce." *Id.* at 1031. Here, the statute prohibits the use of channels and instrumentalities of

interstate commerce for the harmful act of kidnapping. Accordingly, the statute is within Congress's purview. Davis's argument fails.

## B.  As Applied Challenge

Davis next argues that the kidnapping statute is unconstitutional as applied to the facts of this case because the three victims advertised sexual services on the internet and answered their telephones when defendant called or texted them in response to the ads. Davis's use of the internet and telephone in these instances were allegedly used solely "to enable the woman to get her money." (Def.'s Mot. to Dismiss Indictment at 19, Dkt. No. 57.) As such, Davis contends that the instrumentality of interstate commerce, which triggered the kidnapping statute, did not "directly cause" or further the crime. (*Id.*)

The Court notes that the Government disputes Davis's characterization of the facts, but it need not delve deep into this factual thicket because the answer is straightforward. A motion to dismiss the indictment is not the appropriate vehicle to address factual issues. Davis's as applied challenge is thus premature and more appropriate for trial. *See United States v. Alfonso*, 143 F.3d 772, 776-77 (2d Cir. 1998) ("Unless the government has made what can fairly be described as a full proffer

of the evidence it intends to present at trial to satisfy the jurisdictional element of the offense, the sufficiency of the evidence is not appropriately addressed on a pretrial motion to dismiss an indictment."). The Government has not presented all of its evidence; it has only provided enough sufficient for an indictment. *See United States v. Starvoulakis*, 952 F.2d 686, 693 (2d Cir. 1992) (finding that "an indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime"). Davis concedes as much in his reply brief. (Def.'s Reply Br. at 2, Dkt. No. 62.) Accordingly, his argument fails for present purposes. If Davis later contends that the evidence as presented at trial does not support the interstate commerce element of the offense, Davis can file a motion for acquittal under Federal Rule of Criminal Procedure 29.

### C. Appropriate Statute

Lastly, Davis seems to argue that his actions more appropriately, if at all, constitute crimes under state law, not federal law. Specifically, he questions whether his actions fall within the legal meaning of "kidnapping" to trigger the Federal Kidnapping Act.

To be clear, "under our federal system there can be simultaneous federal and State prosecutions where similar or identical offenses under the two systems of law are committed as the result of particular conduct on the part of a defendant." *United States v. DeMichael*, 692 F.2d 1059, 1062 (7th Cir. 1982). The question of whether Davis's conduct constitutes kidnapping under the federal statute is one of fact, not law. Such a determination cannot be resolved on a motion to dismiss because it would require the Court to look beyond the face of the indictment.

As recited above, a federal criminal indictment is sufficient so long as it states the elements of the crime charged, informs the defense of the nature of the charge in order to prepare a defense, and allows the defense to raise the judgment to bar future prosecutions for the same offense. *Nayak*, 769 F.3d at 979-80. Here, the indictment clearly states the elements of kidnapping and informs Davis of the crimes charged against him. Each count alleges that on or about a specific date, the defendant "did unlawfully and willfully seize, confine, inveigle, kidnap, and hold [the victim] for his benefit, namely, his sexual gratification, and, in committing or in furtherance of the commission of the offense, used a means, facility, and instrumentality of interstate commerce, in violation of Title 18, United States Code,

Section 1201(a)(1)." For purposes of overcoming a motion to dismiss, the indictment suffices.

### III. <u>CONCLUSION</u>

For the reasons stated herein, Davis's Motion to Dismiss the Indictment (Dkt. No. 62) is denied.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: 2/5/2019